IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSWALDO ESTEBAN ARAQUE BAEZ,<br>*Petitioner*,<br>v.<br>LEONARD ODDO, *et al*,<br>*Respondents*. | Civil Action No. 3:26-cv-169<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Colombia, is currently detained at Moshannon Valley Processing Center. He entered the United States in December of 2022, at an unknown location. After encountering and being arrested by a Border Patrol agent, he was granted discretionary parole into the United States. (ECF Nos. 1 and 6). In January 2026, Petitioner was arrested by officers of U.S. Immigration and Customs Enforcement ("ICE") after reporting to an ICE office for a scheduled appointment. (ECF No. 6-1, p. 2). Petitioner sought a bond hearing before an immigration judge, but it was continued and not yet rescheduled. (ECF Nos. 6-3 and 6-4). The Court finds the fact that Petitioner has not fully exhausted all of his administrative remedies prior to filing his habeas petition to be of no moment as it is an exercise in futility given the recent decisions of the Board of Immigration Appeals (i.e., *Matter of Li*, 29 I. & N. Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing. The Court agrees. Section 1226 applies to aliens who are "already present in the

United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Petitioner's detention is governed by § 1226(a), and the Court holds that he has a statutory right to a bond hearing.

AND NOW, this 24th day of February 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioner must receive a bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the individualized bond hearing. IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.

In light of the United States Court of Appeals for Third Circuit's recent decision in *Abioye v. Warden Moshannon Valley Correctional Center*, --- F.4th ----, 2026 WL 263483 (3rd Cir. Feb. 2, 2026), should Petitioner wish to do so, he shall file any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), within ten (10) days.

BY THE COURT:
*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGEa